DELANEY VS. THE MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS: *Negligence.— Implied license to cross depot grounds.— Liability for injury to licensee, when question of negligence for the court. — Nonsuit.*

1. Where a public street, running north and south, extended southward only to the northern line of the grounds of a railway company, and there was no access to it from the south except across those grounds, and both the employees of the company and the public generally had been in the habit of crossing such grounds to and from such street, with the knowledge of the company, and without objection made: *Held*, in an action against the company for injuries sustained by one while so passing over the defendant's track, that the facts showed an implied license on the part of the railroad company to all persons to pass over that portion of its grounds, and that it was not necessary, in order to a recovery, that the plaintiff should show defendant guilty of *gross* negligence.

2. The question of *negligence*, where the facts are undisputed, and leave the case free from doubt, is one of law, for the court.

3. Where, in an action for negligence, the plaintiff, by his own showing, has been guilty of negligence, contributing to the injury complained of, a compulsory nonsuit should be granted. *Atchtenhagen v. the City of Watertown*, 18 Wis., 331, and other cases in this court, followed.

4. In this case it appeared, from plaintiff's evidence, that upon a dark night, and without any necessity therefor (there being sufficient space between the tracks for him to occupy safely), he was standing upon a side track leading to the round house, where, as he well knew, trains and locomotives were passing in both directions almost constantly; that he did not look along the line of the track upon which he was standing, but suffered his attention to be wholly diverted to the lights of a train passing upon another track; and that, in that position, he was struck by an engine moving upon the track on which his foot rested, and was severely injured. *Held*, that he was guilty of contributory negligence, and should have been nonsuited.

APPEAL from the Circuit Court for *Dane* County.

Action to recover for injuries sustained by plaintiff, by reason of the alleged negligence of defendant's employees.

The complaint alleged that while plaintiff was passing over

the railroad track of the defendant, at a street crossing in the city of Madison, an engine, owned and run by the company, was carelessly and negligently driven against and .over him, without any fault or negligence on his part, whereby he sustained severe and permanent injuries, making amputation of a limb necessary.

At the trial, on application of the defendant, a view was had of the premises where the alleged injury occurred. A motion for a nonsuit on the ground that, as appeared by the facts shown and admitted upon such view, the plaintiff, at the time of the injury, was not passing over the defendant's track at a street crossing, but was upon the private grounds of the company, was denied. The complaint was then amended so as to allege that the injury happened at a " usual foot crossing and pathway," and to charge gross negligence on the part of the defendant's servants.

The facts proved on the trial are sufficiently stated in the opinion.

At the close of the plaintiff's evidence, the defendant moved for a nonsuit, on the grounds that, by his own showing, the plaintiff was guilty of negligence contributing to the injury, and that he was, at the time of the injury, a mere trespasser on the private grounds of the defendant. This motion was denied.

The court refused to give certain instructions asked by defendant, relative to the extent of its liability to the plaintiff, assuming him to be a trespasser upon its premises; also certain other instructions, which, in effect, would have taken from the jury the consideration of the question of negligence; but charged them, at defendant's request, that if they were satisfied that the plaintiff was negligent at the time of the accident, in standing, as he did, upon the track, under all the circumstances, or if they found that he was guilty of any negligence which contributed to the injury, they must find for the defendant; and further charged them that if they should find that the families living in the houses upon the south side of the

JUNE TERM, 1873.    69

Delaney vs. The Milwaukee & St. Paul Railway Company.

track, and those persons going to or from such houses, had been in the habit, for several years, of crossing the track at the point of the accident, and that plaintiff had, on the night of the accident, crossed over for the purpose of visiting one of those houses, and was returning at the time of his injury, the fact that there was no public crossing at that point, and that he was upon the grounds of the railroad company, would not preclude a recovery, provided he showed ordinary care on his own part, and a want of such care on the part of the company.

Verdict and judgment for the plaintiff; and defendant appealed.

*John W. Cary*, for appellant:

1. The plaintiff was a trespasser on the grounds of defendant, and the company was liable only for gross negligence; but no such negligence was proved. *Rothe v. Mil. & St. Paul R'y Co.*, 21 Wis., 256; *Butler v. Same*, 28 id., 487; *Railroad v. Spearen*, 47 Pa. St., 300; *Railroad v. Hummell*, 44 id., 375; *Harty v. Railroad Co.*, 42 N. Y., 468. 2. The plaintiff was guilty of contributory negligence, and should have been nonsuited. Shearman & Redf. on Neg., §§ 488, 491, and cases cited; *Wilcox v. Railroad Company*, 39 N. Y., 358; *Wilds v. Railroad Company*, 29 id., 315; *Langhoff v. Railroad Company*, 23 Wis., 43; *North. Penn. R. R. Co. v. Heileman*, 49 Pa. St., 60; *Grippen v. Railroad Co.*, 40 N. Y., 34. 3. No negligence was proved on the part of the defendant, and plaintiff should, on that ground, have been nonsuited. *Gorton v. Erie Railroad Company*, 45 N. Y., 660.

*Orton, Keyes & Chynoweth*, for respondent:

Plaintiff was not a trespasser. The right of passage over the railroad track was of necessity incident to the peculiar location of the street and grounds; and the company took subject to that easement. Angell on Highw., 21, 25, and notes; *Livingston v. New York*, 8 Wend., 99; *Bateman v. Black*, 14 E. L. & Eq., 69; 21 N. Y., 474; 24 id., 559. They were, therefore, bound to use precautions to avoid injury at such point, and

their omission to do so was negligence. *Barrett v. Midland Railway Company*, 1 Fos. & Fin., 361; *New Jersey R. R. & Trans. Co. v. West*, 3 Vroom (N. J.), 91; *Kay v. Penn. R. R. Co.*, 65 Pa. St., 269; *Johnson v. Hudson Riv. R'y Co.*, 6 Duer, 633; *Harty v. Central R. R. Co.*, 42 N. Y., 468; *Finlayson v. Railroad Co.*, 1 Dill., 579; *Wilson v. Cunningham*, 3 Cal., 241; *Linfield v. Old Colony R. Corp.*, 10 Cush., 562; *Shaw v. Boston & Worcester R. Corp.*, 8 Gray, 45; 2 Met., 415; 27 Barb., 221; 2 Cush., 539.

COLE, J.   One of the main propositions relied on in support of the motion for a nonsuit, and which was embraced in the instructions asked on the part of the defendant, was to the effect that, inasmuch as the place where the plaintiff was injured was not a highway crossing, but the private grounds of the company, there could be no recovery unless the complaint alleged and the proof showed that the agents of the defendant were guilty of gross negligence in the running and management of the locomotive engine and tender.   As applied to the facts established by the evidence, we think this proposition was not correct.   It appears to us that there is no ground for holding that the plaintiff, on the facts shown, was a mere trespasser upon the private grounds of the company, and that the case must be considered in the same light as though he were such a trespasser.   It is quite true that Lake street, as laid out for a public highway, did not extend beyond the railroad grounds on the south.   But it was undeniably a public street down to those grounds, and there was really no way of entering that street from the south, except over the grounds of the company adjacent to it.   Besides, as was observed by the counsel for the plaintiff on the argument, the evidence clearly shows that there had been a practical crossing over that place, into and from Lake street, by both the employees of the company, and citizens having occasion to go south, or coming from that direction, for a long time, and this passing backward and forward must

have been with the knowledge of the agents of the company. And still it does not appear that the company ever forbade any one from going there, or took any steps to put an end to persons going upon its grounds at that point. This view is further strengthened by the fact that those families living in the houses built on the company's grounds south of the tracks, were accustomed to cross over that portion of the grounds to Lake street, to procure water and to come north. These and other facts appearing in the case, show beyond controversy that the plaintiff was not wrongfully on the crossing where he was injured; and it is incorrect to view the relative duties of the parties upon any such assumption. For there surely was abundant testimony from which might be inferred an implied license on the part of the company to all persons to pass over that portion of its grounds, in going to and from Lake street to other parts of the city. And we therefore think the circuit court was entirely right in holding, upon this proposition, that the plaintiff was not precluded from a recovery solely upon the ground that the place where the injury occurred was not a public street, and that it was not necessary, under the circumstances, for the plaintiff to aver and prove gross negligence on the part of those persons who had charge of the locomotive engine and tender, in order to maintain the action.

Then, passing from this point, and assuming, as we may do for the purpose of this appeal, that the evidence fully justified the jury in finding that the servants of the defendant, in charge of the locomotive engine and tender, were guilty of negligence, either by running at a greater rate of speed than due regard to the safety of persons happening on the crossing would warrant, or by failing to ring the bell or give seasonable notice of their approach, the further important question arises, whether the evidence shows that the plaintiff was himself guilty of negligence which contributed to the injury of which he complains. If he was guilty of negligence directly contributing to the accident, then it is apparent the nonsuit should

have been granted. It is true that it is sometimes said that, whether there was negligence or want of proper care, in whatever degree, by either party, is a question of fact to be determined by the jury, and that, even where the circumstances are all admitted, it will not be determined as a matter of law. *Beers v. Housatonic Railway*, 19 Conn., 566. But this, as Judge REDFIELD remarks, is true only where the circumstances leave the inference of negligence or no negligence in doubt. If the proof is all one way, either in favor of or against negligence having intervened, the inference is always one of law for the court. 1 Redfield on Railways, page 473. And so, on a motion for a nonsuit, the court is bound to enquire whether there is any case to go to the jury, the facts being all admitted and there being no conflict in the evidence as to the existence of the real facts bearing upon the question in issue. If the evidence introduced by the plaintiff himself shows that his negligence concurred with that of the defendant to produce the injury complained of, there would surely be no propriety in submitting such a case to the jury. The jury in that case have no duty to perform, and the court must decide the motion as a question of law. This rule has frequently been recognized and applied in this court, as our reported decisions will show. *Achtenhagen v. The City of Watertown*, 18 Wis., 331; *Rothe v. Mil. & St. Paul Railway*, 21 id., 256; *Langhoff v. Mil. & Prairie du Chien Railway*, 23 id., 43; *Nicks v. The Town of Marshall*, 24 id., 139; *Butler v. The Mil. & St. Paul Railway*, 28 id., 487. In this case, the court submitted the question to the jury to determine whether the plaintiff was negligent in standing with his foot upon the rail, and in not looking to the westward to see whether an engine or train was coming from that direction, when he might readily have stepped away from the track where he would not have been hurt. But we think the court should have decided, upon the plaintiff's own case, that he was guilty of negligence which was the proximate cause of the injury, and for that reason should have granted the nonsuit. A refer-

JUNE TERM, 1873.                              73.

Delaney vs. The Milwaukee & St. Paul Railway Company.

ence to the leading facts will show, we think, that there was no necessity to submit the cause to the jury, as the question of negligence on his part was free from doubt. It appears that the plaintiff, with one Harrington, on the 20th of December, 1870, about seven o'clock in the evening, left his house, on the north side of the track, and went across the company's grounds and the three tracks, towards the house of one Lawless, who lived on the south side of the tracks. When he crossed. the tracks he looked east and west, and saw no trains except a freight train at the depot, with head-light towards the west. He went directly in the pathway to Lawless' house, and, not finding him at home, came back to where Harrington stood, near the tracks of the railway. They both started to recross to the plaintiff's house, when they were stopped by a long freight train passing west on the north track, ringing its bell. They stopped near and on the south side of the round-house track, the plaintiff resting his left foot with his heel on a tie and his toe on the rail, Harrington standing by his side on the right, and both looking towards the east at the lights on the caboose at the rear end of the freight train. The freight train and bell made considerable noise, and they waited for the freight train to pass, and heard no bell or whistle from any other train. When the locomotive engine, tender, and some five or six cars of the freight train had passed, a locomotive engine, with a tender, from the west, on the round-house track, struck the plaintiff, and the cow-catcher dragged him by that foot and leg a considerable distance, and broke and injured the leg so as to make amputation necessary. The night was dark, and neither the plaintiff nor Harrington heard or saw the locomotive engine and tender coming down on the track upon which he was standing. But the plaintiff lived near the track, on Lake street, and was perfectly familiar with the depot grounds, wood yard and engine house, and the position of all tracks at that place; and he says that he knew " there was, as a rule, a great deal of running of trains up and down the yard, in the

evening as well as in the day-time;" knew that "it was the general rule to go first to the wood yard and wood up, when an engine came in, and then go to the round-house;" and knew that "an engine to go to the round-house from the wood yard must pass this very track, and that every engine must pass that track to get to the round-house." The locomotive-engine which struck the plaintiff had a head light; and he admitted that he certainly would have seen it, had he looked to the west. But he was looking to the northeast at the lights on the outgoing caboose, and did not look about him. He also admitted that there was no difficulty in his standing anywhere between the round-house track and the wood yard track further south, and that there was no necessity of his standing with his foot on the rail in the manner he did. Now, upon these undisputed facts, it seems to us that the plaintiff might have avoided all injury by standing upon the open space between the round-house and wood yard tracks, and that common care and prudence required him, standing where he did, to look about him to see whether there was any locomotive coming down the track upon which he was. We have assumed that those in charge of that locomotive-engine were guilty of negligence in omitting to ring the bell or take the usual precautions to prevent accidents. But the law imposed upon the plaintiff the duty of exercising ordinary prudence and diligence to avoid danger. And yet, here, it appears from the plaintiff's own statements that he deliberately stopped with his foot upon a rail, where there was no necessity for him to stand, knowing that there was a great deal of running of trains up and down that track in the evening as well as in the day-time, and, without anything to obstruct his view of the approaching locomotive, omitted entirely to look about him. It seems to us that it is no sufficient excuse to say that his attention was diverted by the outgoing freight train. The books are full of cases which lay down the doctrine, that it is culpable negligence for any one to cross the track of a railroad on a public highway

without taking any precautions to ascertain whether a train is approaching which may endanger his safety. The usual statement of the rule is, that it is the duty of the party thus circumstanced to look about him, and see that the road is clear. This rule has been enforced in a number of cases, some of which are referred to in the briefs of counsel. And we do not see why an equally stringent rule does not apply to the plaintiff in the present case, especially in view of the fact that this was not a highway crossing, and there was no necessity whatever for the plaintiff to place his foot upon the rail. But, having placed it there, it was clearly his duty to take all reasonable precautions to guard against an injury to himself while in this dangerous position.

We were referred on the argument to the case of the *New Jersey R'y and Transportation Co. v. West*, 3 Vroom, 91, as having a strong bearing upon the question before us. In that case the plaintiff was struck by one of two trains passing in opposite directions, while he was endeavoring to guard against injury from the other. Upon the point of contributory negligence, the court below was asked to charge, that the plaintiff, by being on the track when the train was passing, was *prima facie* guilty of negligence, which it declined to do. The supreme court approved of this ruling, remarking that the plaintiff was crossng the avenue for a proper purpose, and could not be held *prima facie* guilty of negligence merely because he happened to be on the track when the train passed. Mr. Justice ELMER further adds, that " it appeared that he was carefully watching and keeping out of the way of the express train then in plain sight. Had not this or some similar occurrence interfered, he was undoubtedly bound, as was so strongly insisted on behalf of the defendants, to use his eyes and look both ways. But he was not bound to know that the trains would meet at this place and pass at such an improper speed, which it appears was not generally the fact. To require him to guard against such danger, under such circumstances, would be

to require him to act, not merely with the caution ordinarily to be expected, but with that extreme vigilance which but few persons could be expected to use." p. 95.

It appears to us that the evidence in the case before us presents a much more satisfactory ground for saying that the plaintiff was guilty of negligence, than the facts of that case. If, under the circumstances, the inference of negligence was there doubtful, the conduct of the plaintiff does not leave room for any doubt upon the question. He was, according to his own statements, plainly guilty of negligence, and the court should have so decided on the motion for a nonsuit. He unnecessarily placed himself in a dangerous position, where he knew that locomotive engines were passing at all times from the track leading to the wood-yard upon that on which he stood, leading to the round-house, and he did not even look to the west, and took no precaution to ascertain whether an engine was approaching from that direction. It certainly seems to us that he was wanting in the exercise of ordinary care and prudence, and that the court should have so decided as a matter of law.

For these reasons the judgment of the circuit court must be reversed, and a new trial ordered.

*By the Court.* — So ordered.

A motion for a rehearing was denied at the June term, 1873.