## JAMES BUTLER v. PITTSB. & B. RY. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 3, 1890—Decided January 5, 1891.

In an action for negligence against a street-railway company, where it was shown that the plaintiff, a boy thirteen years of age, seated himself, without the knowledge of the conductor, upon the front platform of a crowded car, in such position that, being struck on his projecting knees by a mortar box in the street, he was thrown under the car and injured, it was not error to enter a compulsory nonsuit.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

---

See Sandford v. Railroad Co., 136 Pa. 84.

Statement of Facts.

No. 156 October Term 1890, Sup. Ct.; court below, No. 774 September Term 1889, C. P. No. 1.

In September, 1889, a summons was served in trespass, brought by James Butler, by his next friend, John Butler, against the Pittsburgh & Birmingham Passenger Railway Company. Issue.

At the trial on May 22, 1890, the testimony against the defendant company was to the effect that on the evening of June 2, 1889, the plaintiff, thirteen years of age, boarded one of defendant company's cars on Smithfield street, Pittsburgh; that the car was so much crowded that he was obliged to sit on the upper step of the front platform, with his feet upon the lower step and his knees projecting slightly beyond the side of the car; that, after crossing the Smithfield street bridge, the conductor came round to the front platform, when the plaintiff got off to let him into the car to collect fares, and then the plaintiff resumed his former position on the steps of the platform; that, after riding some distance further, the plaintiff's knees were struck by a mortar box near the track; that the blow threw him off the steps and under the car, the front wheel passing over his foot; that he had not paid his fare, but would have done so had it been demanded by the conductor; and that the mortar box had been in its position a few inches from the side of the car, for some time, but unknown to the plaintiff. There was no direct evidence that the conductor saw the boy on the car, but the negligence alleged against the defendant company, was in permitting the dangerous obstruction to remain upon the street, in such close proximity to its roadbed, and in allowing the plaintiff, a child of tender years, to remain in such a dangerous position.

At the close of the plaintiff's case, the court, STOWE, P. J., on motion of the defendant's counsel, entered a judgment of nonsuit, with leave, etc. A motion to take off the judgment having been argued before the court in banc, it was refused. Thereupon, the plaintiff took this appeal, assigning the order entering the judgment of nonsuit for error.

*Mr. W. K. Jennings* (with him *Mr. W. S. Thomas*), for the appellant.

Opinion of the Court.

That, the defendant being under fourteen, negligence could not be imputed to him, counsel cited: Nagle v. Railroad Co., 88 Pa. 35; Strawbridge v. Bradford, 128 Pa. 200; West Phila. Ry. Co. v. Gallagher, 108 Pa. 524. That he had not paid his fare made no difference: West Phila. Ry. Co. v. Gallagher, 108 Pa. 524; Hestonville R. Co. v. Kelley, 102 Pa. 115; Brennan v. Railroad Co., 45 Conn. 284 (29 Am. Rep. 679); Wilton v. Railroad Co., 107 Mass. 108; Gill v. Middleton, 105 Mass. 477; Bender v. Manning, 2 N. H. 289. That the duty was upon the company to see that its tracks were in good condition and free from obstruction: Dean v. Railroad Co., 129 Pa. 514; Dahlberg v. Railway Co., 32 Minn. 404 (50 Am. Rep. 585); Chicago etc. R. Co. v. Russell, 91 Ill. 298 (33 Am. Rep. 54); Dickinson v. Railway Co., 53 Mich. 43; Kerns v. Railway Co., 66 Ia. 599; Robel v. Railway Co., 35 Minn. 84; Coleman v. Railway Co., 41 Hun 380.

*Mr. James C. Doty* (with him *Mr. John M. Kennedy*), for the appellee.

That the presence of the mortar box on the street was not necessarily unlawful, counsel cited: Shear. & Redf. on Neg., § 361; Wood on Nuisances, 268. The fact that the injured person was of tender years, will not supply the want of proof of negligence on the part of the defendant: Brown v. Lynn, 31 Pa. 510; Patterson's Ry. Acc. Law, § 75; Kay v. Railroad Co., 65 Pa. 269; Flower v. Railroad Co., 69 Pa. 210.

PER CURIAM:

                           Judgment affirmed.