WILBER, Respondent, vs. THE WISCONSIN CENTRAL COMPANY, Appellant.

*November 29 — December 29, 1893.*

*Railroads: Injury to employee: Contributory negligence.*

While plaintiff, a fireman, was walking through defendant's switch yard to the roundhouse to take out his engine, he was struck and injured by cars which had been "kicked" by a switch engine upon the track on which he was walking. He was familiar with the yard, and knew that switching was actively in progress on the tracks behind him, but although there were spaces between the tracks where he could have walked with safety, and although his ears were covered by his cap, he had walked on or immediately beside the main track for about 180 feet without looking around. *Held*, that he was guilty of contributory negligence.

APPEAL from the Circuit Court for *Dunn* County.

Action to recover for personal injuries. The following facts appear, principally from the plaintiff's own testimony: Plaintiff was a fireman upon defendant's freight engine running from Chippewa Falls to St. Paul. He lived at Chippewa Falls, and his engine was kept at the roundhouse at Irvine, a small village a mile and a half westerly from Chippewa Falls. On the morning of March 8, 1890, between the hours of 5 and 6 o'clock, the plaintiff was going from his home in Chippewa Falls to the roundhouse at Irvine, to take his engine preparatory to a trip. It was very cold,— probably thirteen degrees below zero,— and his

ears were covered by his cap, and his overcoat was turned up around his neck.   When approaching Irvine he walked along the main track of the railroad until he reached the. switch yard of the defendant, which extended east and west for a considerable distance and contained three sidings upon the north side of the main track at the point where plaintiff was injured.   This yard was frequently used by employees passing from Irvine to Chippewa Falls.   Plaintiff entered the yard at the east end, and was proceeding westerly to the roundhouse at the other end of the yard. As he came to the first or main switch at the east end of the yard, he met the yard switch engine with its crew, which was just pulling seven freight cars from the main switch track out upon the main track.   He exchanged some words with the yard master and switchman at this main switch, and then walked on westerly about 200 feet on the ground south of the main track.   He then looked back, and, as he testifies, saw the yard employees and a car down by the switch, but thought the car was not on the main track. He then approached the main track because, as he claims, the ground was rough, and walked, by his own admission, 178½ feet on the ends of the ties on the south side of the main track without looking back, when he was struck by three or four cars which had been "kicked" westward on the main track by the switch engine.   He was knocked down, and his arm was cut off.   No person was on the detached cars to warn him of their approach. . There were vacant spaces north of and between the main track and the switch tracks, thirteen feet in width, where the plaintiff could have walked in safety.   He knew the yard well, having worked as helper in the railroad blacksmith shop near by, and also having fired for a number of nights on this very switch engine.

There was other testimony, but it is not deemed necessary to state it.   It was claimed that the yard master was

negligent in not having a man upon the cars which ran over the plaintiff, to warn him of their approach. A motion to direct a verdict for defendant was overruled. The jury found, in reply to special questions, (1) that the yard master was negligent in causing the cars which struck plaintiff to be kicked down the main track without a man on them; (2) that plaintiff was not guilty of contributory negligence; and (3) that plaintiff's damages were $6,970. From judgment for the plaintiff on the verdict, defendant appealed.

For the appellant there was a brief by *D. S. Wegy* and *T. H. Gill*, and oral argument by *Mr. Gill*. To the point that plaintiff's own testimony shows he was guilty of contributory negligence, they cited *Delaney v. M. & St. P. R. Co.* 33 Wis. 67; *Schilling v. C., M. & St. P. R. Co.* 71 id. 255; *Williams v. C., M. & St. P. R. Co.* 64 id. 1; *Schmolze v. C., M. & St. P. R. Co.* 83 id. 659; *Schoenfeld v. M. C. R. Co.* 74 id. 433; *Penn. R. Co. v. O'Shaughnessy*, 122 Ind. 588; *Ellis v. Houston*, 4 N. Y. Supp. 732, 22 N. E. Rep. 1131; *Elliot v. C., M. & St. P. R. Co.* 5 Dak. 523; *Holland v. C., M. & St. P. R. Co.* 18 Fed. Rep. 243; *Ryall v. C. P. R. Co.* 76 Cal. 474; *Redmond v. R., W. & O. R. Co.* 10 N. Y. Supp. 330; *Ill. Cent. R. Co. v. Dick*, 15 S. W. Rep. (Ky.), 665; *McAdoo v. R. & D. R. Co.* 105 N. C. 140; *Richards v. C., St. P. & K. C. R. Co.* 81 Iowa, 426; *Smith v. N. Y. C. & H. R. R. Co.* 17 N. Y. Supp. 400; *Jolly v. D., L. & N. R. Co.* 93 Mich. 370; *Candelaria v. A., T. & S. F. R. Co.* 27 Pac. Rep. (N. Mex.), 497; *Haden v. S. C. & P. R. Co.* 48 N. W. Rep. (Iowa), 733; *Craig v. Mt. Carbon Co.* 45 Fed. Rep. 448; *Aerkfetz v. Humphries*, 145 U. S. 418; *Chicago & N. W. R. Co. v. Sweeney*, 52 Ill. 325; *Chicago & N. W. R. Co. v. Donahue*, 75 id. 106; *Collins v. B., C. R. & N. R. Co.* 83 Iowa, 346.

For the respondent there was a brief by *E. C. Higbee*, attorney, and *Losey & Woodward*, of counsel, and oral argument by *E. C. Higbee* and *G. M. Woodward*.

WINSLOW, J.   There is practically no dispute as to the facts in this case.   The plaintiff was an employee of the defendant, fully acquainted with the switching yard through which he was walking, and knew that switching was actively in progress on the tracks behind him at the very time he was walking on the main track.   His hearing was either wholly or partially cut off by the fact of his cap being pulled down over his ears.   There were spaces between the tracks where he could have walked with safety; but, knowing all these facts, he chose to walk on, or immediately at the side of, the main track, where a passing car would strike him, for a distance of at least 178½ feet, without looking around.   If this was not careless — even reckless — conduct, we should not know where to find it. Within the rules laid down in the cases of *Delaney v. M. & St. P. R. Co.* 33 Wis. 67, and *Schilling v. C., M. & St. P. R. Co.* 71 Wis. 255, we must hold, under this testimony, that the plaintiff was, as matter of law, guilty of contributory negligence.

*By the Court.*— Judgment reversed, and action remanded for a new trial.