Lofdahl vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

LOFDAHL, by guardian *ad litem*, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*October 3 — October 23, 1894.*

*Railroads: Injury to person on track: Contributory negligence.*

A boy, sixteen years old and familiar with railway trains, who deliberately placed himself upon a railway track twenty feet in front of, and with his back towards, an engine which he knew was liable to move at any time, was guilty of contributory negligence precluding a recovery for an injury caused by negligence (which was not gross or wanton) in moving such engine; and it is immaterial whether he was at the time upon a licensed way or was a mere trespasser on the track.

APPEAL from the Circuit Court for *Polk* County.

This action is to recover for personal injuries. The defendant's railroad runs due east and west through the village of Amery. A side track extends parallel with the main track and a few feet distant therefrom nearly the entire distance through the village. A street named Keller avenue extends up to the right of way from the north, at right angles with the right of way and track. From the end of this street a licensed way exists across both tracks and right of way to the south. The depot and passenger platform are just west of this licensed way. The accident happened in the daylight on the morning of May 7, 1888, and the plaintiff was nearly sixteen years of age. A gravel train had just come in from the east and stopped on the side track near the depot. The plaintiff had been waiting for this train, and got onto it, intending to ride to Dresser Junction, a station west of Amery. While he was on the gravel train a freight train came in from the west on the main track, and stopped, the engine being near the depot. The plaintiff saw it. He had been much around railroad trains and depots. Just after it came in the con-

Lofdahl vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

ductor or brakeman put him off the gravel train. He got off on the north side, next the main track, and stepped over with one foot on the main track, about fifteen or twenty feet in front of the freight engine, and, as he claims, on the aforesaid licensed way, having an angry altercation with the man who put him off the train. He stood with his back to the freight engine. While he was so standing the fireman of the freight engine, during the temporary absence of the engineer, moved the engine forward a short distance, and ran over plaintiff's foot, making amputation necessary.

The foregoing facts are either undisputed or taken from the plaintiff's own evidence. There was evidence that no signals were given. On the part of the defendant there was evidence that plaintiff was not on the licensed way, but at a point considerably east thereof, on the right of way.

The jury found a special verdict in substance as follows: (1) That no signal was given before the moving of the freight engine; (2) that a licensed way existed across the right of way, being a continuation of Keller avenue; (3) that plaintiff was injured within the limits of this licensed way; (4) that the fireman who moved the freight engine had reasonable ground to expect that a person might probably be on the track where plaintiff was, when he moved the engine; (5) that he did not exercise ordinary care when he moved the engine; (6) that his want of ordinary care was the proximate cause of the injury; (7) that plaintiff was not guilty of contributory negligence; (8) that plaintiff's damages were $4,000. A motion to set aside the verdict and for a new trial was overruled by the court, and from judgment for the plaintiff the defendant appealed.

For the appellant there was a brief signed by *Henry B. Dike*, attorney, and *Alfred H. Bright* and *Geo. B. Young*, of counsel, and the cause was argued orally by *Mr. Bright.*

They argued, among other things, that the plaintiff's neg-
ligence conclusively appears from his own showing. *De-
laney v. M. & St. P. R. Co.* 33 Wis. 67; *Nicholson v. Erie
R. Co.* 41 N. Y. 524; *Railroad Co. v. Depew,* 40 Ohio St.
121; *Bryson v. C., B. & Q. R. Co.* 57 N. W. Rep. 430; *Ill.
Cent. R. Co. v. Hall,* 72 Ill. 222; *Goldstein v. C., M. & St.
P. R. Co.* 46 Wis. 404; *Haas v. C. & N. W. R. Co.* 41 id.
44; *Randall v. N. W. Tel. Co.* 54 id. 149; *Williams v. C.,
M. & St. P. R. Co.* 64 id. 1.

For the respondent there was a brief by *George D. Mc-
Dill* and *Butts & Jaques,* and oral argument by *Charles J.
Butts.* They contended, *inter alia,* that the party who
last had an opportunity to avoid the injury, notwithstand-
ing the negligence of the other, is alone liable for it.
Shearm. & Redf. Neg. §§ 61 and note 1 (p. 86); 99, 483 and
note 1 (p. 295), 484; *Bostwick v. M. & P. R. Co.* 2 N. Dak.
440; 2 Thomp. Neg. 1157, note 1; *R. Co. v. Kassen,* 34
Cent. L. J. 364; *Clampit v. C., St. P. & K. C. R. Co.* 84
Iowa, 71; *Guenther v. St. L., I. M. & S. R. Co.* 95 Mo. 286;
*Gates v. B., C. R. & M. R. Co.* 39 Iowa, 45; *Chicago, B. &
Q. R. Co. v. Wymore,* 58 N. W. Rep. 1120; *Chicago, B. &
Q. R. Co. v. Wilgus,* id. 1125; *Cit. St. R. Co. v. Steen,* 42
Ark. 321; *Hicks v. Pacific R. Co.* 64 Mo. 436; *Scoville v.
H. & St. J. R. Co.* 81 id. 434; *Welsh v. Jackson Co. H. R.
Co.* id. 471; *Cadmus v. St. L. B. & T. Co.* 15 Mo. App. 86;
*Eckert v. St. L., I. M. & S. R. Co.* 13 id. 352; *Werner v.
Cit. R. Co.* 81 Mo. 368; Whart. Neg. (2d ed.), § 343; *Davis
v. C. & N. W. R. Co.* 58 Wis. 649, 650.

WINSLOW, J. Upon the authority of the case of *Delaney
v. M. & St. P. R. Co.* 33 Wis. 67, we must hold, upon the
plaintiff's own evidence in this case, that he was guilty of
contributory negligence. He was almost sixteen years of
age, and familiar with railway trains and the conduct of
railway business. He deliberately placed himself upon a

railway track, twenty feet in front of an engine which he knew was liable to move at any time, with his back to the engine.    It would be difficult to imagine a plainer case of negligence.    Whether he was upon the licensed way, or· was a mere trespasser upon the right of way, the result is the same.    Such conduct cannot be made ordinary care, even by the verdict of a jury.

It was argued that the judgment should be affirmed, notwithstanding the plaintiff's negligence, because the negligence of defendant's servants was "gross and wanton." No such issue was submitted to the jury, nor was any such fact found by the jury.    Neither can we say that the uncontradicted evidence established gross or wanton negligence.    This contention, therefore, cannot prevail.

*By the Court.*— Judgment reversed, and action remanded for a new trial.