THE CLEVELAND, ETC., RAILWAY CO. *v.* MONEYHUN, GUARDIAN.

[No. 17,937.   Filed October 21, 1896.]

| 146 | 147 |
| 148 | 323 |
| 150 | 71 |
| 151 | 602 |
| ;152 | 677 |
| 146 | 147 |
| 155 | 644 |
| 146 | 147 |
| f167 | 557 |

GUARDIAN AND WARD—*Action by Guardian for Injury to Ward—Statute Construed.*— Under the provisions of section 266, R. S. 1881 (267, R. S. 1894) the guardian of an infant who has received a personal injury as the result of a wrongful act of another, may maintain an action against the wrongdoer for the recovery of such damages as are personally sustained by his ward.   *p. 152.*

APPEAL AND ERROR.—*Special Finding.*—When the special verdict of the jury or special finding of the court omits to find any fact essential to support the judgment below, the judgment cannot be sustained.   *p. 152.*

NEGLIGENCE.—*When a Question for the Jury and When for the Court.*—*Special Verdict.*—When, under the facts disclosed by a special verdict, the question is presented either as to the negligence of the defendent or as to whether the plaintiff was without fault, and two inferences may reasonably be drawn as to either of such ultimate facts, the determination thereof is within the province of the jury, and their finding will be accepted by the court as controlling; but where the facts found are such that the court can adjudge as a matter of law that the injured party was or was not guilty of contributory negligence, the finding of such ultimate fact, whatever it may be, will be disregarded by the court.   *p. 153.*

The Cleveland, Etc., Railway Co. *v.* Moneyhun, Guardian.

SAME.— *Special Verdict.— Damages.—* In an action for personal injuries to plaintiff's ward, the special verdict returned by the jury showed that such ward, a boy fifteen years of age, purchased an excursion ticket from Anderson, Indiana, to Benton Harbor, Michigan, and return; that he entered one of the coaches and seated himself, that when the train reached Alexandria, a station about 12 miles from Anderson, the coach in which he was seated was detached from the train and left upon the side-track, and the passengers in this coach were instructed to go into another coach; on entering the coach as directed he found all of the seats occupied and the aisle thereof filled with passengers; after standing in the car for some time he became sick, and believing that he would be compelled to vomit, and in order to avoid soiling the car and persons standing near him, he voluntarily left the car and went out on the steps leading to the ground, and while thus standing on the lower step, by a sudden jerk of the car, he was thrown to the ground and was injured; the jury also found that there was ample room in the car for him to ride and that if he had remained in the car he would not have been injured and that " it was not a safe place to stand where he did even if the train ran smooth and did not jerk."—*Held,* that the facts disclosed ·by the special verdict show a clear and undoubted case of contributory negligence upon the part of ward.  *p. 154.*

From the Madison Superior Court. *Reversed.*

*John T. Dye, Lovett & Ryan* and *Elliott & Elliott,* for appellant.

*Goodykoonts & Ballard,* for appellee.

JORDAN, J.—This action was commenced and prosecuted in the lower court by appellee, William T. Moneyhun, as guardian of Charles Moneyhun, a minor, under the age of twenty-one years. The action arises out of injuries sustained by said ward, while a passenger upon a train of cars operated by the appellant, by reason of the alleged negligence of the latter.

Upon the trial there was a special verdict returned by the jury, and upon the facts therein found the court adjudged that appellee was, as such guardian, entitled to recover damages for the said injuries for

the benefit of the ward, and rendered judgment accordingly against appellant for $5,000.00, the amount mentioned in the verdict. The legal propositions submitted by the parties to this appeal, arise under the acts embraced in the special finding of the jury. The following facts are all, which we deem it necessary, to set out, in order to present the mooted questions of law herein involved:

Appellee is the father and the duly appointed guardian of Charles Moneyhun; the latter having no estate, either real or personal. This ward, at the time he sustained the injuries in question, was a boy of average size, intelligence and education, for one of his age, being at the time nearly fifteen years of age. On June 9th, 1895, after advertising the same, the railroad company, appellant herein, ran an excursion train over its road from Anderson, Indiana, to Benton Harbor, Michigan, and return, the train being composed of two sections, and the cars thereof being vestibuled. Appellee's ward, Charles Moneyhun, with the knowledge and consent of his father, purchased a ticket and boarded said train as a passenger at Anderson, for the purpose of being carried as such to Benton Harbor. He entered one of the coaches of the second division and seated himself therein. When said train arrived at Alexandria, a station about twelve miles from Anderson, the coach in which said Moneyhun was seated was detached from the train and left upon a side track because of a hot box, which was occasioned by reason of the box being worn and not properly packed. The passengers in this coach, including young Moneyhun, were informed by the conductor in charge of the train that they must leave this car and go into others. On entering the car to which he and other passengers had been transferred, he found all of the seats occupied, and the aisle thereof and other places therein filled

with passengers who were standing, and he was unable to find a seat upon the train, and for this reason accepted standing room in the car which he entered. After detaching the car from the train, for the reason stated, appellant did not replace it by another, in order to accommodate the passengers on the train with seats. Moneyhun, after standing in the aisle of the car until the train was near the city of Warsaw, Indiana, became sick; what made him sick, however, is not disclosed by the verdict. Believing that he would be compelled to vomit by reason of nausea, and in order to avoid soiling the car and persons standing near him, he voluntarily left the car, in which he was riding, and passed out through the door of the vestibule, and went down on the lower step of the steps leading from the ground to the car, and stood upon this lower step for a short time holding to the railing. While so standing upon this step his back was towards the platform of the car and his head was leaning forward and outward. The train, at the time he left the car and while he was standing upon said step, was running at a speed of twenty-five miles per hour; and while so standing he was thrown off the train by reason of the engineer suddenly, unnecessarily, and without warning applying steam, which caused the car to give a sudden jerk.

By being thrown from the train in the manner stated, Moneyhun was severely injured, being the same injury complained of by appellee. The jury also find that there was ample room in the car where he was, for him to ride, without going upon the platform or steps, and had he remained upon the inside of the coach in which he was riding he would not have been injured. That it was not safe, but dangerous, for him to leave the car and "go onto and stand upon the car step" as he did, while the train was running at the rate

The Cleveland, Etc., Railway Co. v. Moneyhun, Guardian.

of twenty-five miles an hour. The jury further found that "it was not safe for a person to stand where he did, even if the train ran smooth and did not jerk."

The cars were so vestibuled as to render it safe for a passenger to pass from one car to another, and on the car door there was a printed notice, forbidding passengers to ride upon the platform of the car, but owing to the door being at the time swung back, it was thereby obscured from view. The injuries sustained by appellee's ward consisted of several fractures of both the right and left leg and dislocation of his left ankle. These injuries are found to be permanent.

The inquiries arising under the above facts embraced in the special verdict are those which usually arise under the issues in actions based upon negligence. First. Is the injury in question the result of the negligence of appellant? Second. Is the ward of appellee chargeable with contributory negligence? At the very threshold of these questions counsel for appellant challenge the right of the guardian to maintain this action, upon the ground that it could be brought only in the name of the infant by his next friend under sections 256 and 257, Burns' R. S. 1894. Section 27 of the Code of 1881, section 267, R. S. 1894 (266, R. S. 1881), provides that: "A father (or in case of his death, or desertion of his family, or imprisonment, the mother) may maintain an action for the injury or death of a child, and a guardian for the injury or death of his ward. But when the action is brought by the guardian for an injury to his ward, the damages shall inure to the benefit of his ward."

In the case of *Louisville, etc., R. W. Co.* v. *Goodykoontz, Gdn.*, 119 Ind. 111, this court, on page 113, interpreted this section as follows: "If a minor under guardian-

ship sustains an injury to his person from the wrongful conduct of another, his guardian may maintain an action and recover for the benefit of the ward, precisely as the latter might have recovered through the intervention of a *prochein ami,* in case he had not been under guardianship. This is so whether the ward's father or mother be living or not. The pain and suffering endured, and the permanent injury resulting from the wounding, or maiming of a minor, are personal to himself, and damages for such pain and injuries are always recoverable for his benefit.".

We yield adherence to the above interpretation of the statute, and are of the opinion that it clearly authorizes a guardian of an infant, who has received a personal injury as the result of a wrongful act of omission or commission by another, to sue and recover from the wrongdoer such damages as are personally sustained by his ward. The contention of appellant upon this proposition must therefore be denied, and the action of the appellee in instituting this suit as the guardian of the injured minor is sustained.

The special verdict does not find that the ward of appellee was without fault, or free from contributory negligence upon his part at the time the injury occurred. As the freedom from fault or negligence at the time of the accident upon the part of the latter is an essential factor which must exist in order to entitle the appellee to recover in this action, we may, therefore, assume, without deciding, that appellant, under the circumstances, is chargeable with actionable negligence, and address our inquiry first to the question of contributory negligence, which counsel for appellant so strenuously insist, under the facts, must be imputed to appellee's ward. It is conceded by appellee, that under the facts his ward must be deemed to have been, at the time he sustained the injury, capable

of being guilty of contributory negligence. The absence of contributory negligence upon the part of the injured party, at the time he received his injuries, was in issue as well as the alleged negligence of the appellant, and the burden rested upon the appellee to establish *inter alia* both of these requisite facts before he would be entitled to a recovery. The rule is firmly settled that if the special verdict of the jury, or a special finding of the court, omits to find any fact essential to support the judgment below, the latter can not be sustained. No presumptions or intendments are available in favor of a special verdict, and the omission to find a fact in favor of the party upon whom the *onus* of proving it is cast, is equivalent to finding such fact against him. As a legal rule, that which is not proven is the same as that which does not exist. See *Housworth* v. *Bloomhuff*, 54 Ind. 487; *Buchanan* v. *Milligan*, 108 Ind. 433; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Dixon* v. *Duke*, 85 Ind. 434; *Vinton* v. *Baldwin*, 95 Ind. 433; *Noblesville, etc., Co.* v. *Loehr*, 124 Ind. 79; *Mitchell* v. *Brawley*, 140 Ind. 216; 2d Elliott's Gen. Pract., section 933.

It is also a well settled proposition in this State, that whenever, under the facts disclosed by a special verdict, the question is presented, either as to the negligence of the defendant, or as to whether the plaintiff was without fault, and two inferences may reasonably be drawn as to either of said ultimate facts, one in favor and the other against, then the determination of such fact is within the province of the jurors, and their finding will be accepted by the court as controlling. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261; *Cincinnati, etc., R. W. Co.* v. *Grames*, 136 Ind. 39; *Rush* v. *Coal Bluff Mining Co.*, 131 Ind. 135; *Woolery, Admr.*, v. *Louisville, etc., R. W. Co.*, 107 Ind. 381;

*Smith* v. *Wabash R. R. Co.*, 141 Ind. 92; *Louisville, etc., R. W. Co.* v. *Costello*, 9 Ind. App. 462; *City of Bloomington* v. *Rogers*, 13 Ind. App. 121.

But if the facts found are such that the court can adjudge as a matter of law, that the injured party was, or was not, guilty of contributory negligence, then the finding of such ultimate fact, whatever it may be will be disregarded by the court. *Smith* v. *Wabash R. R. Co., supra.*

In the case at bar, however, there is but one reasonable inference to be deduced from the facts relative to the acts of appellee's ward at the time he sustained his injuries, and that is to the effect that his own negligence contributed to said injuries, hence a finding by the jury that he was free from fault could not have affected the legal result. It is manifest, we think, from the facts shown, that the ward of appellee was thereunder chargeable with contributory negligence. While it is true that it was a duty incumbent upon the railroad company to furnish a seat within its car for each passenger taken aboard of its train, and not merely standing room in the aisle of the car, the mere fact, however, that he was compelled to accept standing room would not justify him to voluntarily leave a place of safety and go to one of peril. The jury found that there was ample room in the car in which he was riding and in other cars upon the train, and that there was no necessity for him to go upon the platform or car steps, and that had he remained inside of the car he would not have sustained the injuries which he did. That it was unsafe and dangerous for him to leave the car when the train was running at the rate of twenty-five miles per hour and stand upon the steps, as he was doing when the accident happened. The jury further found that the place where Moneyhun stood when injured was not a safe place to stand, "even if

the train ran smooth and did not jerk." He was not content to stop on the platform, but went upon the lower step, "and stood there with his back towards the platform and his head leaning outward," as it is expressly shown by the verdict. We are of the opinion that the facts disclose a clear and undoubted case of contributory negligence upon the part of appellee's ward, which cannot be controverted from any legal standpoint. While it may be said in the sense of decency, that it was proper for this boy, when admonished of the fact that he was about to vomit, to make an effort to avoid befouling his fellow-passengers, but even under this view, the law would not justify him in exposing himself to peril, or excuse or mitigate his negligence when he seeks redress in an action for injuries sustained. The authorities cited by the learned counsel for appellee are, under the facts, distinguishable from the case at bar and lend but little, if any, support to his contention upon the question involved.

The conclusion reached is in harmony with and supported by the following authorities: *Goodwin* v. *Boston, etc., R. R. Co.*, 84 Me. 203, s. c. 24 Atl. 816; *Worthington* v. *Central Vt. R. R. Co.*, 64 Vt. 107, s. c. 23 Atl. 590, 15 L. R. A. 325; *Camden, etc., R. R. Co.* v. *Hoosey*, 99 Pa. St. 492; *Fisher* v. *West Virginia, etc., R. R. Co.*, 39 W. Va. 366, s. c. 19 S. E. 578, 23 L. R. A. 758; *Alabama, etc., R. R. Co.* v. *Hawk*, 72 Ala. 112; *Jackson* v. *Crilly*, 16 Col. 103, s. c. 26 Pac. 331; *Patterson* v. *Central, etc., R. R. Co.*, 85 Ga. 653, 11 S. E. 872; *Bemiss* v. *New Orleans, etc., R. R. Co.* (La.), 18 South. 711; *Wendell* v. *New York, etc., R. R. Co.*, 91 N. Y. 420; *Hayes* v. *Norcross*, 162 Mass. 546 s. c. 39 N. E. 282; *Wallace* v. *New York, etc., R. R. Co.*, 165 Mass. 236, s. c. 42 N. E. 1125; *Krenzer* v. *Pittsburgh, etc., R. W. Co.* (Ind. Sup.), 43 N. E. 649; *Lewis* v. *Baltimore, etc., R. R. Co.*, 38 Md. 588; *Shirk* v. *Wabash*

*R. R. Co.*, 14 Ind. App. 126; *Reynolds* v. *New York, etc., R. R. Co.*, 58 N. Y. 248; *Lofdahl* v. *Minneapolis, etc., R. W. Co.*, 88 Wis. 421, s. c. 60 N.W. 795; *Buller* v. *Pittsburgh, etc., R. W. Co.*, 139 Pa. St. 195, s. c. 21 Atl. 500; *Ecliff* v. *Wabash R. R. Co.*, 64 Mich. 196, s. c. 31 N. W. 180; Patterson Ry. Acc. Law, section 272; *Cincinnati, etc., R. W. Co.* v. *McClain* (Ind. Sup.), 44 N. E. 306; *St. Louis, etc., R. W. Co.* v. *Rice* (Tex.), 29 S. W. 525; *Scheiber* v. *Chicago, etc., R. R. Co.* 61 Minn. 499, 63 N.W. 1034; *Chicago, etc., R. R. Co.* v. *Carroll*, 5 Bradw. (Ill. App.) 201; *Toledo, etc., R. R. Co.* v. *Wingate*, 143 Ind. 125.

It follows that the court erred in denying the appellant's motion for judgment in its favor on the special verdict. The judgment is, therefore, reversed and the cause remanded, with instructions to the lower court to sustain this motion and render judgment upon the special verdict in favor of appellant.