# Supreme Court Decisions.

## CLASSIFICATION AND RULES APPLICABLE TO INTERURBAN RAILWAYS.

CINCINNATI, LAWRENCEBURG & AURORA ELECTRIC STREET RAIL-
ROAD CO. V. LOHE, ADMINISTRATOR.

Decided, March 2, 1903.

*Interurban Electric Railroad Classed as Street Railroad—Rule as to Passenger Standing on Platform—Same as on Steam Cars—Implied Agreement of Passenger—To Rules of Carrier—Law of Negligence.*

1  An interurban electric railroad is classed as a street railroad by the statutes of this state.

2. While such interurban railroad companies are subject to the same regulations, and have all the powers of street railroad companies, so far as applicable, the law of negligence governing the standing on a platform of a moving street car in a municipality, is not applicable to the case of standing on such platform of a moving interurban car in the open country.

3. The law of negligence governing the standing on a platform of a moving interurban car outside of a municipality, is the same as in the case of steam cars; and where a rule of the company prohibits passengers from standing on the platform, and notice thereof is properly posted, or where the passengers upon request refuse to enter the car, there being in either case vacant seats, they remain on the platform at their peril.

4  In a contract for safe carriage there is an implied agreement that the passenger will obey the reasonable rules of the carrier; and where the passenger purposely violates such rule, and is thereby injured, he can not recover damages from the carrier in an action on the contract.

Error to the Circuit Court of Hamilton County.

The plaintiff in error, the Cincinnati, Lawrenceburg & Aurora Electric Street Railroad Co., is the owner of an interurban electric street railroad, extending from Cincinnati to Lawrenceburg and Aurora, with a branch extending from Cleves to Harrison. The road is constructed with heavy rails laid on cross ties, and equipped with large coaches with seats on each side of the aisle, two compartments, one smoker, a vestibule at each end, with steps leading to the ground, and propelled in the ordinary manner by electricity.

On July 4, 1900, William Lohe was received as a passenger at Cleves to be carried to Harrison, paid his fare and took a position on the rear platform or vestibule where he remained smoking a cigar until the car became derailed and fell on its side, and he was killed.

It was a rule of the company that passengers were not allowed on the platform, and a notice was posted on the platform where he stood: "Passengers not allowed on the platform." His attention was called to this notice by the conductor, and he was ordered to go into the car, as there were empty seats there for his accommodation. He refused, and said that he did not care about going in as he was smoking a cigar. Shortly thereafter the assistant conductor requested him to step inside the car, but he remained on the platform until the car became derailed in going around a curve and he was killed. Those in the car were not injured, except one man whose leg was slightly injured.

The petition of the plaintiff below avers, that in consideration of the fare so paid, the railroad company undertook to safely carry the deceased as a passenger from Cleves to Harrison, and that by the negligence of the company, the car was thrown from the track, and without any fault on his part, he was thereby killed.

The railroad company answered, and denied all negligence on its part, and denied that his death was caused without any fault on his part.

Upon a trial before the court and a jury, a verdict was returned in favor of the administrator, and against the company. A motion for a new trial was overruled, and judgment entered on the

verdict, to all of which proper exceptions were saved. The circuit court affirmed the judgment; and thereupon a petition in error was filed here by the railroad company, seeking to reverse the judgments of the lower courts. The errors complained of arise upon the charge as given, and upon refusal to charge as requested, and these will be noted in the opinion.

*Peck, Shaffer & Peck* and *Shepherd & Shaffer,* for plaintiffs in error.

Apart from the contract of carriage no obligation rested upon the company to exercise the highest degree of care to the end that he might be carried safely to his destination. Yet by the action of the court below all the obligations of the contract were enforced against the company, while the intestate was excused for the violation of the very provision which would have prevented the injury.

In order to avail himself of his rights as a passenger it was his duty to go into the place provided for the carriage of passengers, which the platform was not. The same claim could be made if he had been injured while riding on top or beneath the car that is now made, viz.: That he was not bound to anticipate an injury from derailment, and that his riding in such a position would have no tendency to cause the car to become derailed.

The question is, what was the nature of the duty the company owed to Lohe while he was in the act of violating a reasonable regulation?

We contend that by reason of such violation he ceased to be entitled to the protection due a passenger, and was only entitled to the exercise of that degree of care which would protect him against willful or reckless injuries. *Thane* v. *Scranton Trac. Co.,* 191 Pa. St., 249 (43 Atl. Rep., 136); *Bard* v. *Penna. Trac. Co.,* 176 Pa. St., 97; *Nieborer* v. *Detroit Elec. Ry. Co.,* 87 N. W. Rep., 626; Booth on St. Railways, par. 339; 3 Thompson on Neg. (2d Ed.), par. 2956; Nellis Surface St. Railroads, 473.

The general rule with reference to steam railroad cars is that if a passenger elects to ride upon the platform without any necessity, real or apparent, for taking that position, and while so riding is injured under such circumstances that he would not have been injured if he had not taken that position, he cannot recover dam-

ages from the railroad company; further, that when such an ex-
posed position is taken in violation of a known regulation of the
company the contributory negligence of the passenger is more clear
It is negligence *per se*. And this rule has been applied universally
without reference to the negligence of the carrier. Thompson on
Neg. (5th Ed.), par. 2671; *Railway Co.* v. *Miles,* 40 Ark., 298
*Heazel* v. *Railway Co.,* 76 Ill., 501; *Railway Co.* v. *Moneyhun*
146 Ind., 147; *Blake* v. *Railway Co.,* 78 Ia., 57; *Railway Co.* v
*Thomas, Admr.,* 79 Ky., 160; *Wills, Admr.,* v. *Railway Co.,* 12
Mass., 351; *Hickey* v. *Railway Co.,* 96 Mass., 429; *Palmer* v. *Penn
sylvania Co.,* 111 N. Y., 488; *Mitchell* v. *Railway Co.,* 87 Cal.
72; 11 L. R. A.; 130, note.

With reference to standing on the platform of the ordinary stree
railroad car the general rule is as follows: Standing or riding on
the platform of a street car, when there is room inside, is no
negligence *per se,* but is a question for the jury under proper
instructions of the court. *Upham* v. *Railway Co.,* 85 Mich., 12
*Nolan* v. *Railway Co.,* 87 N. Y., 63; *Cincinnati Omnibus Co.* v
*Kuhnell,* 9 Re., 197; 11 W. L. B., 189; Booth on St. Railways
par. 339; *Upham* v. *Railway Co.,* 12 L. R. A., 129, note.

*Isaac B. Matson* and *Alfred B. Benedict,* for defendant in error

The street railroad company, plaintiff in error, in asking th
reversal of the judgments below, plants itself upon a single prop
sition:

That it has a legal right negligently to kill a passenger ridin
on the rear platform of its car, provided he has been ordered to g
inside.

The proposition is, that if I am standing on the platform o
a street car after I have been directed to go inside, the compan
may negligently poke me in the back with a pole and break m
spine, that this may be done with impunity, that no legal wron
is done me.· The proposition not only shocks one's common sens
but is one at which the moral sense of a boa constrictor woul
revolt.

That a negligent plaintiff may recover of a negligent defendan
is a rule of law well settled on both sides of the Atlantic an
nowhere better settled than in Ohio. In such cases the question i

whose negligence is the *proximate* cause of the accident, the plaintiff's or the defendant's? The proximate cause of the accident in this case was the company's negligently taking its car off the track and turning it upside down. If the company had kept its car on the track, where it had contracted with the passenger to keep it, where William Lohe, as a reasonable and prudent man had a right to expect it would be kept, he would have ridden to his destination in perfect safety. *His standing where he did, did not cause the car to go off the track.* What happened was not the *natural or probable* consequence of his position on the platform.

This court, so recently as March 5, 1895, ruled distinctly to the contrary of the street railroad company's proposition in the case of Schwartz, wherein it affirmed without report (33 Bull., 131) the judgment of the circuit court in the case of *Schwartz, Admr.*, v. *The Cincinnati Street Ry. Co.*, 4 Circ. Dec., 272; 8 C. C. R., 484.

The circuit court decided the same proposition in *Vail* v. *The Cincinnati Ry. Co.*, 7 Cir. Dec., 28; 13 C. C. R., 494; *Street Ry. Co*, v. *Buodrou*, 2 Am. & Eng. R. R. Ca., 30; *Schwartz* v. *Railway Co.*, 4 Circ. Dec., 272; 8 C. C. R., 484. The case of *13th and 15th Streets Passenger Ry.* v. *Boudru*, 92 Pa. St., 475, decided A. D. 1880, is a case directly in point. The court cited and followed the leading English case of *Greenland* v. *Chaplain*, 5 Ex.; 2 Shear. & Red. on Neg. (7th Ed.), Sec. 523, p. 973; *Railroad Co.* v. *Ball*, 53 N. J. L., 283; *Watson* v. *Railway Co.*, 55 N. J. L., 125; *Willmott* v. *Street Ry.*, 106 Mo., 535 (1891); *Seymour* v. *St. Ry. Co.*, 114 Mo., 266 (1892); *Whalen* v. *Traction Co.*, 61 N. J. L., 606; *Keith* v. *Pinkham*, 43 Me., 501; *Vail* v. *Railroad Co.*, 147 N. Y., 377; *Nolan* v. *Railroad Co.*, 87 N. Y., 63; *Graham* v. *Manhattan R. R. Co.*, 149 N. Y., 336; Thompson on Neg. (3d Ed.), Sec. 2954; Nellis on Surface Railroads, Sec. 271.

A very full discussion of the subject of contributory negligence is to be found in the work of Beach on Contributory Negligence (3d Ed.), Sec. 292.

But in view of the obligations of a common carrier of passengers, as established and enforced by this court in *Railroad Co.* v. *Kassen*, 49 Ohio St., 230, decided as late as 1892, the position of the street railroad company is without any foundation whatever.

The Kassen case was followed and approved by this court in *Krause* v. *Morgan,* 53 Ohio St., 26, and, also, in *Schweinfurth, Admr.,* v. *Railway Co.,* 60 Ohio St., 215, and by the United States Circuit Court of Appeals for this circuit in *Railroad Co.* v. *Hellenthal,* 10 O. F. D., 348; 88 Fed. Rep., 116. Thompson on Carriers of Passengers, p. 544, Sec. 2; Abbott's N. Y. Dig., under title of Carriers of Passengers; Bigelow on Torts (7th Ed.), Sec. 787; *Greenland* v. *Chaplain,* 5 Ex.; *Sweetland* v. *Railroad Co.,* 177 Mass., 574.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

Counsel for the railroad company requested the court to give the following charges to the jury.

"I.   If the jury should find, from the evidence, that William Lohe was standing upon the platform of defendant's car at the time when the car was derailed, and that he had been notified by the conductor to·go inside the car, and that there was room within the car where he might have been seated, and that said William Lohe failed or refused to comply with said request, but remained upon the platform, and that his death was due to the fact of his remaining in that position, your verdict should be for the defendant.

"II.   If the jury should find, from the evidence, that the defendant company had established a rule forbidding passengers to stand upon their platforms, and had posted notices of such rule upon the platforms of its cars, and that there was such a notice upon the platform of the car upon which Wm. Lohe was riding upon the fourth day of July, 1900, and that William Lohe was standing upon the platform at the time the car left the track, and that he had been requested to leave said platform and go inside the car, and that there was room for him within the car, and said William Lohe disregarded said notice and remained upon the platform, and if the jury further find that if he had gone into the car and had not remained upon the platform he would not have been injured, then the verdict of the jury should be for the defendant in this action."

The court refused both of said charges, and proper exceptions were saved.

After attempting to so clearly define proximate cause and con-

tributory negligence as to enable the jury to understand the same, the court charged the jury as follows:

"Let us now apply these rules to the case at bar. It is not denied that the deceased, William Lohe, was standing on the rear platform of the car in question immediately before the car was derailed. It is not contradicted by the evidence that the deceased was warned or requested to go into the car, and that, as a matter of choice, he preferred to remain outside, on the platform; that the company's employes did not further attempt to enforce the rule that passengers should remain inside of the car. The deceased was found dead, with a part of his body underneath the car or the vestibule. How he got there, whether by falling, or jumping, or by being jolted off is disputed.

"A passenger who is not coerced or induced by the railroad company or its employes to stand upon a platform, or who stands upon the platform not as a matter of necessity, but simply from choice, although it may be caused by the discomfort of a crowded car, assumes the risks and hazards which ensue from that position. The deceased, therefore, assumed the risks and hazards incidental and usual to that position. Whether the company, through its employes, posted such warnings upon the car or whether, prior to that time, the defendant company failed at all other times, or only occasionally, whether such rule was disregarded by passengers at other times, will be immaterial in this case, because of the actual notice given him by the employes.

"The deceased, William Lohe, by his position, therefore, assumed the risk of being jolted off the platform by collision with teams, vehicles, or other obstructions upon the highway, or of being jolted off by the turning of sharp curves, or the sudden or quick stoppage of the car in case of emergency. The deceased did not, by the fact of standing upon the platform, assume the risk of a derailment or upsetting of the car. The fact that he stood on the platform was a condition, and not a cause, of the derailment or upsetting of the car. Therefore, the mere act of standing upon the platform could not be a proximate cause of the injuries and death of the deceased. But whether by any other act alone, or connected with the act of standing upon the platform, was the proximate cause of the injuries and death of the deceased, is for you to determine."

The correctness of this charge, and of these requests depends to some extent upon the character to be assigned to the interurban railroad upon which the accident occurred.

The law of negligence, or rather of contributory negligence, of one riding upon a platform of a street railroad car, is not the same as of one riding upon the platform of a steam railroad car.

The legislation in this state as to railroads and street railroads has been kept separate and distinct. For a full consideration of the subject, see *Bridge Co.* v. *Iron Co.*, 59 Ohio St., 179.

Interurban railroads, such as the one in question in this case, are classed by the General Assembly as street railroads. Section 2780-17, Bates' Revised Statutes. The construction and operation of such railroads is authorized by the act of May 17, 1894, 91 Ohio State Laws, 285, and carried into Bates' Statutes as Sections 3443-8 to 3443-13. Section six of that act is as follows: "Such companies shall be subject to the same regulations now provided for street railroads, in so for as the same are applicable, and shall have all the powers, in so far as they are applicable, that other street railroad companies have."

It seems reasonably clear that while operating the cars of an interurban railroad within a municipality, the regulations and powers of a street railroad company are applicable, but when it comes to running cars of such roads in the open country, upon a track substantially the same as the track of a steam railroad, and at a high rate of speed, it would seem that the same rules as to negligence, and contributory negligence, should prevail, as are applicable to steam railroads; and that a passenger standing upon the platform of an interurban car in the open country, should be held to the same rules as if he were standing on the platform of a steam car. The danger is the same in either case, and where there is no difference in danger, there should be no difference in the care required, nor in the rights and liabilities flowing from the neglect to observe the proper care.

For an injury received by a passenger on a steam railroad by reason of a collision or derailment while standing upon the platform, in violation of the known rules of the company, there being vacant seats in the car, there can be no recovery against the railroad company. The authorities as to this seem to be uniform. *Railroad* v. *Miles*, 40 Ark., 298; *Hickey* v. *Railroad Co.*, 14 All., (Mass.), 429; *Railroad Co.* v. *Thomas, Admr.*, 79 Ky., 160; *Railroad Co.* v. *Moneyhun*, 146 Ind., 147; *Palmer* v. *Railroad Co.*, 111

N. Y., 488; *Wills* v. *Railroad Co.*, 129 Mass.; 351.

There are cases in which a recovery has been allowed where the passenger rushed to the platform to escape some other danger. Such was the case of *Mitchell* v. *Southern Pacific R. R. Co.*, 87 Cal., 62, where an express messenger became alarmed at the rate of speed of the train while descending a steep grade, and fearing a derailment he rushed to the platform intending to jump off into the sand. It was held that he could not be held to any particular course of conduct while attempting to avert a present threatened danger.

In the case at bar the deceased was ordered into the car by the conductor and requested to go in by the assistant conductor, there were vacant seats inside, a sign was up *"Passengers not allowed on the platform,"* and yet he remained on the platform because he wanted to smoke a cigar. He remained there at his peril, and even though the company may have been negligent in not preventing the derailment, he was also negligent in standing upon the platform. Those inside the car escaped without injury, and if he had gone inside when ordered to do so, the presumption is that he too would have escaped. It is a case where it required the negligence of both himself and the company to bring about the disaster; and where the injury is brought about by the combined negligence of both, both are without remedy. *Coal Co.* v. *Estievepard*, 53 Ohio St., 43, 57, and cases there cited.

In view of the law as above stated, it is clear that the court of common pleas erred in the charge as given, and also in refusing to charge as requested; and that the circuit court erred in affirming the judgment.

There is another reason why there can be no recovery in this case upon the facts apparing in this record. The action is for a violation of the contract of safe carriage. Such a contract has implied therein that the passenger will obey the reasonable rules of the carrier. The rule against standing on the platform was a reasonable one, and this the deceased deliberately, persistently, and purposely violated, and that violation aided in causing the injury of which complaint is now made. Having himself first violated the contract, and that violation having brought about the injury, he has no cause of action against the company for violating a con-

tract by the terms of which he refused to be bound. As he, if alive, would have no cause of action, his administrator has none. It is urged that the action might have been in tort. This is true. He could sue either in tort or contract. He elected to sue upon the contract, and he is bound by his election.

The controlling facts of the case seem to be conceded, and the case seems to be one that might well be dismissed by this court after reversing the judgments below, but it may be safer to remand the case to the court of common pleas for further proceedings according to law and this opinion, and it is so ordered.

*Judgments reversed, and cause remanded.*