## WOODRUFF v. Northern Pac. R. Co.

*(Circuit Court, D. Washington, E. D. September 3, 1891.)*

1. **Railroad Companies — Injuries to Persons on Track — Trespassers — Pleading.**
   In an action against a railroad company for injuries to plaintiff's child, a complaint which fails to allege that the child was enticed or licensed by defendant to come on its track, or that the place of the accident was a public crossing or within a public highway, or that its servants, after seeing the child, intentionally or wantonly committed the injury, does not state a cause of action; as the defendant is under no duty to look out for intruders on its track on ground dedicated for its exclusive use as right of way.

2. **Same — Unlawful Speed.**
   An allegation in such complaint that the train by which the child was injured was running at an unlawful speed is immaterial, there being no facts alleged to support it, and no reference to any statute fixing a lawful rate of speed.

At Law. On demurrer to complaint.

*T. C. Griffitts*, for plaintiff.

*J. M. Ashton* and *S. C. Hyde*, for defendant.

Hanford, J. The plaintiff prosecutes this action in his own right to recover damages for an injury to his child caused by negligence, resulting in expense to the plaintiff for medical and surgical treatment and loss of service during the minority of the child. The complaint charges, as the ground for holding the defendant liable, that the child, being at the time of the age of 22 months, went upon the defendant's railroad, and was run over by a passing train, and so maimed and injured as to be crippled for life, and that the engineer or servant of the defendant in charge of the locomotive could have seen the child on the track in time to have stopped the train and averted the disaster, and that failure to see the child and stop the train in time was negligence. By a demurrer to the complaint, the question is raised whether the facts stated are sufficient to constitute a cause of action. I hold that the facts are not sufficient. The defendant was not bound by any contract with the plaintiff to take care of or provide for the safety of his infant, and owed no duty to look out for intruders upon its track on ground dedicated and reserved for its exclusive use as a right of way. The complaint does not charge that the child was enticed or licensed by the defendant to come upon its track, nor that the place where the injury happened was at a public crossing or within a public highway, nor that the defendant's servants, after seeing the child, intentionally or wantonly committed the injury; and without one or the other of these elements, or something equivalent thereto, I cannot regard the defendant's conduct as being morally culpable or legally wrong, so as to give rise to a legal claim for damages. While there are cases holding railroad companies responsible for injuries to trespassers not seen in time, but who might have been, by ordinary care and vigilance, discovered in time to have avoided the infliction of injuries, I find a decided preponderance of authority to the contrary. See 1 Thomp. Neg. 448; *Saldana* v. *Railroad Co.*, 43 Fed. Rep. 862; *Ross* v. *Railroad Co.*, 44

Fed. Rep. 44. I do not regard the averment in the complaint that the train was being run at a dangerous and unlawful rate of speed as material. This is a mere statement of a conclusion unsupported by facts, or even a reference to any statute prescribing a lawful rate of speed. Let an order be entered sustaining the demurrer, and granting leave to amend the complaint.