NOVEMBER TERM, 1894. 641

Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. Stephenson.

No. 16,825.

## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company v. Stephenson.

Negligence.—*Licensee.*—*Trespasser.*—*Duty to.*—*Railroad.*—*Complaint, Theory of.*—*Personal Injury.*—Where the complaint in an action against a railroad company, for personal injury,. was drawn upon the theory of negligence by the railroad company causing the injury to the plaintiff, a servant of C., engaged at the time with C. in loading hogs in a car furnished by the railroad company for C. upon his request, while the answers to interrogatories establish that, without notice to the railroad company of an intention to load the hogs, such servant and one of his employers pushed a car, not furnished for C., up to the chute and loaded the same,—the plaintiff, if not a trespasser, was a mere licensee, to whom the defendant owed no protection from negligence.

From the Boone Circuit Court.

*J. T. Dye, B. K: Elliott, W. F. Elliott, A. Baker* and *E. Daniels,* for appellant.
*H. C. Wills* and *T. J. Terhune,* for appellee.

HACKNEY, C. J.—This suit was by the appellee to recover damages for personal injuries alleged to have resulted from the negligence of the appellant. The complaint alleged that the appellee, an employe of Clay & Cook, live stock shippers, was engaged in loading a car supplied by the appellant; that the chute from appellant's stock yards, through which appellee had driven hogs into said car, was connected with the car by a "drop," or shifting bridge; that while the appellee was in the act of removing said "drop" in preparing to close the car door, and while inside of said car, the appellant's employes, knowing of the presence of said car, and that the appellee was so engaged, caused three empty cars to be driven upon the switch and in violent contact with

said car, catching the appellee's foot between said drop and the car door post and inflicting the injury complained of.

The theory of the action is that the injury was the result of negligence and not of willfulness. Upon this theory it is well settled that it must appear that the alleged negligent party owed to the injured party some duty to protect him from such negligence. This theory and rule were recognized by the appellee in the essential allegation in his complaint, that he was at the time a servant of Clay & Cook, and engaged for them in loading hogs "into a car furnished by the said defendant to said Clay & Cook on said side track at their request and for that purpose."

The general verdict is necessarily upon the theory thus pleaded, and must stand as against the answers to special interrogatories, unless it is found that such answers are in irreconcilable conflict with it. The appellant insists that such conflict exists. It is specially found that the hogs were loaded and the injury sustained on the afternoon of February 24, 1891, and in answer to interrogatories numbered 23, 25, 26, 27 and 28 it is found that, without notice to the appellant of an intention to load said hogs, the appellee and one of his employers went to the stock yards of the appellant, where they found upon the side track several stock cars east of the chute; that they pushed one of said cars up to said chute and loaded the same without the knowledge of the company of the intention to so move said car and to load it with said hogs, and said company did not "know of the loading of said car while the loading was in progress."

It thus appears that the theory of the complaint is untrue, and that the general verdict is squarely denied upon the essential element of the case, viz:, that the appellee

was in the car by authority from the company, and was in a position in which the appellant owed him a duty to protect him from its negligence.    If the appellee, without notice to or the knowledge of the company, took possession of one of the cars, moved it to the chute and loaded it with hogs, he was, at best, a mere licensee if not a trespasser.    In either case the company owed him no protection from its mere negligence.   *Parker, Admr.*, v. *Pennsylvania Co.*, 134 Ind. 673; *Faris* v. *Hoberg*, 134 Ind. 269; *Louisville, etc., R. W. Co.* v. *Bryan*, 107 Ind. 51; *Louisville, etc., R. W. Co.* v. *Ader*, 110 Ind. 376; *Chicago, etc., R. R. Co.* v. *Hedges, Admx.*, 105 Ind. 398.

The train from which the three cars, as alleged, were shunted into the switch was not the train upon which it was expected to ship said hogs, but was in advance of such train four or five hours.

There are answers to interrogatories, finding that the conductor, engineer, and fireman of the train, so placing said cars upon the switch, knew at the time they did so that some one was in said car so standing at the chute, and that it had cattle or hogs in it.    This knowledge is not, possibly, the equivalent of authority to the appellee from the company, and it could at most be sufficient to protect the appellee from willful injury.

The complaint and the general verdict not having been upon the theory of willfulness, as we have said, this knowledge gives no support to them, and does not contradict the other answers to which we have referred.

There are numerous other questions presented by the record and the briefs of appellant's counsel, but we deem it unnecessary to decide them.    The appellee has abandoned his case in this court, and has left us to search through a voluminous record of several hundred pages to consider and meet the argument of the appellant's learned counsel, and that without brief or argument in

support of the verdict and judgment for four thousand dollars in his favor.

We have examined the evidence and find that it supports the special finding of the jury, that the car in which the appellee was injured was not ordered by nor furnished for Clay & Cook, but that it was taken by them, moved to the chute and loaded without the knowledge of the company. It was, therefore, not only the duty of the court to render judgment for the appellant upon said special answers, but such judgment would have been just upon the evidence under the rule we have stated.

The judgment is reversed, with instructions to the circuit court to sustain the appellant's motion for judgment upon the answers of the jury to special interrogatories, notwithstanding the general verdict.

Filed June 6, 1894; petition for a rehearing overruled Dec. 20, 1894.